[L. A. No. 7.    Department Two.—February 20, 1896.]

W. R. ROGERS, RESPONDENT, *v.* A. R. SCHULEN-
BURG, ET AL., APPELLANTS.

PLEADING—JOINT DEMURRER.—A joint demurrer is properly overruled, if the complaint is good against either of the parties demurring, though it may not be good as against one of them.

NON-NEGOTIABLE NOTE — INDORSEMENT BY THIRD PARTY — GUARANTY — EXPRESSION OF CONSIDERATION.—A third person who writes his name on the back of a non-negotiable note becomes a guarantor thereof, whether the indorsement is made before or after delivery; and, under the codes, it is not necessary that the consideration of the guaranty be expressed in writing, in either case.

ID.—PRESUMPTION OF CONSIDERATION—BURDEN OF PROOF.—A written instrument is presumptive evidence of a consideration; and the burden of showing a want of consideration is on the party seeking to invalidate it.

APPEAL—FINDINGS—CONFLICTING EVIDENCE.—The findings cannot be dis-
turbed upon appeal, when the evidence is conflicting.
EVIDENCE—DECLARATION OF PARTY IN HIS OWN BEHALF.—The statements
of a party, made without the hearing or knowledge of his adversary,
are not competent evidence in his own behalf to prove the facts stated.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion.

*E. W. Britt,* and *Works & Works,* for Appellants.

The complaint is not sufficient against Daley, because it does not aver that he indorsed the note before delivery; and if he indorsed it after delivery a consideration must be expressed in the writing. (*Crooks* v. *Tully,* 50 Cal. 254; *Smith* v. *Ives,* 15 Wend. 182; *Crossan* v. *May,* 68 Ind. 242; *Killian* v. *Ashley,* 24 Ark. 511; 91 Am. Dec. 519; 2 Randolph on Commercial Paper. sec. 446; *Tenney* v. *Prince,* 4 Pick. 385; 16 Am. Dec. 347; *Good* v. *Martin,* 1 Col. 165; 91 Am. Dec. 706.) It is a universal rule, not confined to collateral agreements, that a past consideration will not support a promise. (*Clodfelter* v. *Hulett,* 72 Ind. 137, 145; *Starr* v. *Earle,* 43 Ind. 478.) The question as to the time when the note was signed by Daley was important. And the burden of showing that it was signed before delivery, or, if after delivery, that it was signed upon a sufficient new consideration, was upon the plaintiff. (*Good* v. *Martin, supra.*)

*James E. Wadham,* for Respondent.

The demurrer of Schulenburg and Daley being joint, and not being good as to Schulenburg, was properly overruled, whether good as to Daley or not. (*Asevado* v. *Orr,* 100 Cal. 293; *Burk* v. *Muskegon etc. Co.,* 98 Mich. 614; *Miller* v. *Rapp,* 135 Ind. 614; *Howard* v. *Edwards,* 89 Ga. 367; *May* v. *Jones,* 88 Ga. 308; 30 Am. St. Rep. 154; *Clark* v. *Lovering,* 37 Minn. 120; *Lowry* v. *Jackson,* 27 S. C. 318; *People* v. *Mayor,* 28 Barb. 240; *McGonigal* v. *Colter,* 32 Wis. 614; *Webster* v. *Tibbits,* 19 Wis. *438;

Pomeroy's Remedies and Remedial Rights, sec. 577; 1 Works on Pleading and Practice, sec. 351.) The evidence of an agreement to change the terms of the instrument was conflicting, and the finding must stand. (*Bernal* v. *O'Hanlon,* 59 Cal. 284; *Metropolitan Loan Assn.* v. *Esche,* 75 Cal. 513; *Hildreth* v. *White,* 66 Cal. 549; *English* v. *Korn,* 73 Cal. 617; *Barsolou* v. *Newton,* 63 Cal. 223.)

BELCHER, C.—This is an action upon a nonnegotiable promissory note for three hundred and forty dollars, made by the defendants Schulenburg and Chadwick to one Thompson, and by him assigned to the plaintiff before maturity.

The complaint avers the making, delivery, and assignment of the note in the usual form, but the only averment connecting the defendant Daley therewith is: " That thereafter, and before the maturity of said note, the said defendant, T. J. Daley, duly indorsed said promissory note by writing on the back thereof as follows, to wit: ' Protest waived.   T. J. Daley.'"

Defendant Chadwick suffered his default to be entered. Defendants Schulenburg and Daley filed a joint demurrer to the complaint, which was overruled. They then answered, setting up in substance that, prior to the assignment of the note to the plaintiff, Thompson, the payee, had offered to accept from them, in full satisfaction and payment thereof, the sum of one hundred and twenty-five dollars; and that after such offer and with notice thereof plaintiff and defendants entered into an agreement whereby he was to advance and pay to Thompson for the said note the sum of one hundred and twenty-five dollars and take an assignment thereof to himself, and they were to repay him therefor the sum so advanced, with interest thereon at the rate of ten per cent per annum from the time of his payment to Thompson, and the further sum of fifteen dollars as a bonus to him for taking up the note in the manner agreed upon; that accordingly the plaintiff paid to Thompson the sum of one hundred and twenty-five

dollars, and no more, for the note, and received the transfer thereof; and that the assignment of the note to plaintiff was accomplished and made in virtue of and pursuant to said agreement, and not otherwise.

To this answer a demurrer was interposed by the plaintiff and overruled. The case was then tried, and upon all the issues raised the court found against the defendants, and rendered judgment against them as prayed for in the complaint. From this judgment and an order denying their motion for a new trial the defendants Schulenburg and Daley have appealed.

1. Appellants contend that as against Daley the complaint does not state facts sufficient to constitute a cause of action, and hence that the court erred in overruling their demurrer. This contention is rested upon the fact that it does not appear when Daley indorsed the note, whether before or after delivery, and that no consideration for the indorsement is expressed in writing.

There are two sufficient answers to the contention. 1. It is not claimed that the complaint was not sufficient as against the makers of the note. Conceding, therefore, that it was not sufficient as against Daley, still, as only a joint demurrer was filed, it was properly overruled. "A joint demurrer by all of the defendants to an action is properly overruled if the complaint is good as against either of them." (*Asevado* v. *Orr*, 100 Cal. 293; Works' Practice and Pleading. sec. 531; Pomeroy's Remedies and Remedial Rights, sec. 577.) 2. When Daley wrote his name on the back of the note, whether it was before or after its delivery, he became a guarantor for its payment (*First Nat. Bank* v. *Babcock*, 94 Cal. 96; 28 Am. St. Rep. 94), and it was not necessary that the consideration be expressed in writing. (Civ. Code, sec. 2793.) "A written instrument is presumptive evidence of a consideration," and "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." (Civ. Code, secs. 1614, 1615.)

*Crooks* v. *Tully*, 50 Cal. 254, cited by appellants, is not

in point. That case arose before the adoption of the codes, when the statute required that a contract to answer for the debt, default or miscarriage of another should express the consideration. That requirement is not now found in the codes. (Civ. Code, sec. 1624; Code Civ. Proc., sec. 1973.)

2. It is further contended that the findings were not justified by the evidence. The evidence is brief, and may be epitomized as follows: Schulenburg testified that he made the contract with the plaintiff as alleged in the answer, and he detailed the conversations that took place between them. Daley testified to certain conversations which he had with plaintiff, and then on cross-examination was asked: "Was there ever any contract made between you and Rogers relative to your paying him one hundred and twenty-five dollars and the fifteen dollars bonus on his taking up the note?" And he answered: "No, sir." Rogers testified that he had some conversation with Schulenberg about the note; that he went to him and inquired whether there were any setoffs against it, and was told that there were none, and that it would soon be adjusted. He was then asked: "Was there any agreement between you and Schulenberg that you would take less than the face of the note in payment thereof at the time the note was purchased?" and he answered, "No."

The above is the substance of all the evidence, and we think it shows a substantial conflict as to whether the agreement relied upon was made between the parties or not. The findings and judgment cannot therefore be disturbed on this ground.

3. While giving his testimony Daley stated that Schulenberg had informed him of the terms of the arrangement he made with the plaintiff about the purchase of the note.

Schulenburg was afterward recalled, and was asked by his counsel: "What did you tell Mr. Daley as to the arrangement you had with Mr. Rogers relative to Rogers taking up the note?"

The question was objected to by counsel for plaintiff upon the ground that it was immaterial, irrelevant and incompetent, and the communication was not shown to have been made in the presence of or communicated to the plaintiff.

The objection was sustained, and the ruling is assigned as error. We think the ruling was clearly right. The statements of a party, made without the hearing or knowledge of his adversary, are never competent evidence in his own behalf to prove the facts stated.

The judgment and order should be affirmed.

HAYNES, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW. J.