### BUTLER v. BUTLER et al.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

1. WILLS—CONSTRUCTION—LIFE ESTATE.
   A will bequeathing testator's entire property to his son, subject to the use and the right to the income of two-thirds thereof by testator's two daughters during their lives, after which their shares are to revert to the son, does not give the property to the son in trust to pay the income to the daughters, but vests each of them with a life estate in an undivided one-third, with remainder to the son.
2. TRUSTS—ACTION BY BENEFICIARY—PLEADING.
   The cestui que trust can sue for the recovery of the trust property from a third person only after the trustee has refused to sue, and his complaint must show such refusal.
3. SAME—PARTIES.
   A trustee is a necessary party defendant to an action by the cestui que trust to recover the trust property from a third person.
4. PARTITION DECREE—CONCLUSIVENESS.
   The income of an undivided interest in property was devised to certain persons for life, with remainder to the person to whom the fee of the part not included in the life estate was devised, and the remainder-man conveyed his entire interest in the property to the life tenants, one of whom commenced partition proceedings, to which all parties in interest were made parties. *Held*, that a judgment partitioning the premises was conclusive on the legatees.

Appeal from special term, Putnam county.

Action by Mary Elizabeth Butler against Alpheretta G. Butler and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. E. Sutherland, for appellant.
Joseph Alfred Greene, for respondents.

HATCH, J. It appears in the agreed statement of facts that the plaintiff was a daughter of John Butler, who died leaving a last will and testament, in which he devised his estate as follows:

"First. I give and bequeath to my son, Orlando Butler, and his heirs all my real and personal estate, including household furniture, subject to the provision of the use and income of two-thirds of the whole real and personal estate to my daughters, Elizabeth and Alpheretta, to each the use of one-third of the whole, real and personal, during her natural life, each share at her death to revert and belong to my son Orlando and his heirs absolutely. And I hereby appoint my son, Orlando, my sole executor of this, my last will and testament."

After the death of the testator, Orlando conveyed by deed all his right, title, and interest in and to the property which he took by virtue of the provisions of the will to the plaintiff and her sister, and they executed to him a release of all liability on account of the estate of his father. The plaintiff and her sister thereby became the legal owners of the entire estate. Subsequently, and on the 6th day of February, 1897, Alpheretta G. Butler, one of the devisees under the will, and one of the grantees in the conveyance of Orlando Butler, began an action for the partition of the premises mentioned in the will, in which she made as parties defendant Mary Elizabeth Butler, her sister, and a devisee under the will, and Wright Perry, a mortgagee of the premises. That action proceeded to judgment, and, it appearing that the premises could not be profitably divided, a sale of the same was ordered, and upon such sale the defendant Norman L. Coe became the purchaser. He paid the purchase price, and entered into possession of the premises. Subsequently this action was brought to set aside the judgment in the said action of partition, that the deed of conveyance to the defendant Coe be annulled, that a trustee be appointed of the estate of the deceased, that an accounting be had between the parties hereto of the rents, issues, and profits of said land, and that the plaintiff be put in possession of the same pursuant to the terms of the will of the testator. The theory of the action is that Orlando Butler took title to the whole estate as trustee, and that as such he could not destroy the valid trust created thereby; in consequence of which no estate or title to the premises has passed, either to the devisees mentioned in the will or to the purchaser of the property in the action of partition.

Assuming that the terms of the will created a valid trust in Orlando Butler, it is by no means certain that since the enactment of chapter 452 of the Laws of 1893 such conveyance is not authorized. Snedeker v. Congdon, 40 App. Div. ——, 58 N. Y. Supp. 885. It is not necessary, however, to decide such question in this connection. It is quite clear that the will did not create Orlando Butler a trustee of the estate, and vest him with title thereto in that capacity. There are no words in the will creating such estate. No direction is given that he or any other person shall collect or receive and pay over the rents and income of the estate to the other devisees named in the will. The bequest is to each daughter of the use of one-third of the property during her natural life, and it does not appear that it was at all necessary for the use and enjoyment of such estate that any person should be given control or charge of the same, in order that the devisees might receive the benefits therefrom. The office of a trustee is to take legal title, to receive the rents and profits, and pay them over to the cestui que trust; and, while it is true that a trust may be created by implication where there are no words declar-

ing it, yet such a result is worked only where it is necessary to carry out the scheme of the will. Such is the case of Woodward v. James, 115 N. Y. 346, 22 N. E. 150, relied upon by the appellant. The difference between the two cases is readily apparent. In the case cited a trust was necessarily implied in order to carry out the provisions of the will, while in the case before us no such provision is necessary to give full force to every provision of the will, and protect each devisee therein. As there are no words creating a trust, so there is no condition requiring that one be implied. If, however, a valid trust had been created by the terms of the will, this action could not be maintained. If such a trust existed, the legal title would be vested in the trustee, and, in order to maintain the action, it should have been brought in his name; or if, upon request, he refused, the action might be maintained in the name of a party in interest, making the trustee a party defendant. Anderson v. Daley, 38 App. Div. 505, 56 N. Y. Supp. 511. But, in order to maintain such action, the complaint must aver the fact that upon request to bring the action the trustee had refused. Flynn v. Railroad Co., 158 N. Y. 493, 53 N. E. 520; Prentiss v. Bowden, 145 N. Y. 342, 40 N. E. 13. No averment is found in this complaint of any demand made upon the trustee to bring the action, or of refusal upon his part so to do. On the contrary, the eleventh allegation of the complaint is that no trustee of the property has been appointed by any court of this state, nor has any application ever been made for the appointment of such a trustee to any court of the state. This is an essential part of the plaintiff's cause of action, as she is seeking to enforce a legal title or interest in this estate, when in fact she has no legal title thereto. Undoubtedly she might apply to the trustee, if such existed, and upon his refusal aver such facts, making all the parties in interest parties thereto, or apply to the supreme court for the appointment of a trustee for such purpose. Not having done so, she has no standing to maintain this action. But, if it were otherwise, it would not change the result. There was no prohibition resting upon Orlando Butler which prevented his making a valid conveyance of his whole estate in the property which was devised to him by the terms of the will. When he executed the deed, the legal title as well as the equitable interest became vested in the plaintiff and her sister. Under such circumstances, partition of the property was sought, and all the parties in interest were made parties to that action. This resulted in judgment, and under such judgment the defendant Coe obtained good title by his purchase. This judgment stands unreversed, and may be, as it has been, invoked by the defendant Coe for the protection of his title, and as such it is conclusive. Park Hill Co. v. Herriot, 40 App. Div. ——, 58 N. Y. Supp. 552; Jordan v. Van Epps, 85 N. Y. 427. In no view of this case is the plaintiff entitled to maintain the action. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.