## BLAIR v. SQUIRE et al.

### S. F. No. 1132; November 22, 1899.

#### 59 Pac. 211.

**Appeal—Finding Supported by Substantial Evidence.**—The supreme court will not disturb a finding of fact made by a trial court, if there is any substantial evidence to support it.

**Deed—Presumption as to Consideration.**—Under Code of Civil Procedure, sections 1614, 1963, subdivision 39, providing that a written instrument is presumptive evidence of a consideration, the introduction of a deed in evidence places the burden of showing want of consideration on the party alleging it, and carries with it a presumption that it was given for a valuable consideration.

**Mortgage—Deed Absolute.**—Defendant's Mother Owed Her, and defendant was surety for her mother for more than the value of the mother's interest in land conveyed to defendant by absolute deed, in consideration of full satisfaction of the mother's indebtedness. Defendant took possession of the land, collected rents and paid interest on other liens assumed by her. She did not surrender her mother's notes, but did not keep them with any idea of collecting them, and at the time of the execution of the deed, defendant took a continuing mortgage from her mother on the land in renewal of a previous mortgage for the same amount, to preserve her priority over other liens. Held, that the evidence was sufficient to support a finding that the deed was an absolute conveyance, and not a mortgage.

APPEAL from Superior Court, Alameda County.

Partition by Florence Ethel Blair against Mabel E. Squire and others. From a decree in favor of plaintiff, and from an

order denying a motion for a new trial, the San Francisco Tool Company, one of the defendants, appeals. Affirmed.

Pringle & Pringle for appellant; Samuel B. McKee and Fitzgerald & Abbott for respondent.

COOPER, C.—This is an appeal by the San Francisco Tool Company from an interlocutory judgment and decree and from an order denying its motion for a new trial. The action was brought by the plaintiff for the partition of a tract of land of about two hundred and fify-six acres, situate in the county of Alameda. The title was originally in one Walter Blair, who died intestate leaving surviving him, as his only heirs, his widow, Phebe A. Blair, and two daughters, Florence Ethel Blair, the plaintiff, and Mabel E. Squire, one of the defendants. On the twenty-third day of August, 1894, the superior court of Alameda county, by proper decree of distribution in the matter of the estate of said Walter Blair, distributed the said real estate to said widow and daughters herein named, in the proportions to which they were entitled under the law. No question is made as to the validity of the said decree of distribution, and there is no conflict between the mother and daughters, and no objection by either of them, to the decree of distribution or to the interlocutory decree and judgment herein entered. The appeal has, in pursuance of a stipulation filed in this court, been dismissed as to the plaintiff, and the decree was satisfactory to all the defendants except the San Francisco Tool Company, which is the appellant herein. The appellant does not question the correctness of the decree as to the plaintiff, nor as to any of the defendants except as to the defendant Mabel E. Squire. For convenience, the San Francisco Tool Company will in this opinion be called the appellant, and the defendant Mabel E. Squire the respondent, as they are the only parties contending here and the parties to be affected by the judgment of this court.

On the twenty-third day of August, 1894, Phebe A. Blair, by grant, bargain and sale deed, duly executed and delivered, sold and conveyed all her interest in said tract of land to respondent, which deed was duly recorded in the recorder's office of Alameda county. After this deed was delivered and recorded, and in the month of September, 1894, the appellant brought suit against Phebe A. Blair upon an indebtedness due

from her to said appellant. A writ of attachment was duly
issued against said Phebe A. Blair, and levied upon all her
right, title and interest in and to said real estate. The appellant in its answer herein did not deny the due execution, delivery and recording of the said deed to respondent, but
alleged, upon information and belief, that the said deed was
intended only as a mortgage to secure respondent for certain
advances made by her to her mother, and certain indorsements
and obligations made by respondent on behalf of, and for the
benefit of, her mother, Phebe A. Blair. The real issue, and
the only issue in the court below was as to whether the deed
to respondent was in fact a deed or a mortgage. Phebe A.
Blair was made a defendant but did not appear after being
served with summons, and her default was duly entered. The
case was tried in the court below without a jury, and the
court found that the deed "was not given by way of mortgage
or security, but was and is an absolute conveyance, as hereinbefore found." The appellant claims that the said finding
is not supported by the evidence, and, although the printed
record contains eight hundred and sixty-two folios, this
is the sole and only point to be determined here. We have
carefully examined the record, and we think the evidence
supports the finding. The learned judge of the lower court
having seen and heard the witnesses and found the fact, under
the elementary rule we cannot disturb the finding if there is
any substantial evidence to support it.

The respondent introduced in evidence the deed made by
Phebe A. Blair to her. This was presumptive evidence of a
valuable consideration: Code Civ. Proc., secs. 1614, 1963, subd.
39; Rogers v. Schulenburg, 111 Cal. 284, 43 Pac. 899. The
burden of showing a want of consideration was then cast upon
appellant, who was seeking to invalidate the deed as an absolute conveyance: Civ. Code, sec. 1615; Rogers v. Schulenburg,
supra. The rule is well settled that evidence to show that
a deed absolute on its face is in fact a mortgage must be clear,
unequivocal and convincing: Mahoney v. Bostwick, 96 Cal. 58,
31 Am. St. Rep. 175, 30 Pac. 1020; Ganceart v. Henry, 98
Cal. 284, 33 Pac. 92; Cadman v. Peter, 118 U. S. 73, 30 L.
Ed. 78, 6 Sup. Ct. Rep. 957.

The appellant called the respondent as a witness in its behalf, and she testified that at the time of the execution of
the deed the amount due her from her mother, and the amount

of her mother's indebtedness for which she had become and was responsible, was about $108,000; that this was more than the value of her mother's interest in the land; that the deed was intended as an absolute conveyance, and not as a mortgage, and was in full satisfaction of all indebtedness due her from her mother, and of all obligations for which she had become responsible; that after the execution of the deed she has ever since held possession of the property, collected the rents and paid interest on all obligations so due by her mother; that she assumed and agreed to pay the debts of her mother which were a lien upon the property. This testimony is not contradicted, and is the only evidence offered by appellant to show that the deed was in fact intended as a mortgage. It amply sustains the finding. It certainly is not clear and convincing that the deed was given as security for a continuing indebtedness. It is said that respondent did not deliver up the notes to her mother, and that she at the same time took a continuing mortgage from her mother for some $5,117. The respondent explained keeping the notes. She said that she did not know why they were kept; that her mother did not ask her for them; and that she did not keep them with any idea of collecting them. The $5,117 mortgage was for money actually loaned by respondent to her mother, and she held a prior mortgage to secure it. She explained that to preserve this priority, and as a safeguard, the mortgage was renewed and kept alive separate from her ownership in the land. This the respondent had the right to do. She was not compelled to surrender and cancel a prior lien upon the land deeded to her because by the deed she took the legal title. At most, the circumstances could only tend to throw suspicion upon the good faith of the parties to the deed. They would not here be held sufficient to overthrow a finding based upon, and supported by, uncontradicted evidence in the record. The judgment and order should be affirmed.

We concur: Chipman, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.