[Civ. No. 526.   Third Appellate District.—April 30, 1909.]

## SOPHIE C. F. BOYE and WILHELM F. BOYE, Respondents, v. CHARLES A. ANDREWS, Respondent; CHARLES KAPPLER, Executor of Will of CHARLES F. BOYE, Deceased, Intervener, Appellant.

DEED—ACKNOWLEDGMENT—DELIVERY TO GRANTEE—SUBSEQUENT DELIVERY AT GRANTOR'S REQUEST TO THIRD PARTY FOR RECORD AFTER DEATH.—Where a deed duly acknowledged by the grantor was delivered by him to the grantee, the subsequent delivery of the same in a sealed envelope addressed to the county recorder to a third party, at the grantor's request, with instructions to such third party to deliver the same to the county recorder after the grantor's death, did not affect the original delivery of the deed, or operate as a recall of the deed by the grantor. The third party was simply the agent or bailee of both parties for recordation only.

ID.—PRIOR WILL—RIGHTS OF EXECUTOR—DEVISE OF PROPERTY DEEDED TO GRANTEE—DEED PERFORMED BY GRANTOR'S ATTORNEY—INNOCENCE OF GRANTEE.—When the grantor had, by previous olographic will, devised to the grantee the same property subsequently conveyed to him by deed, which was in fact an accomplishment of his wish previously expressed in his will, and the deed was drawn by the attorney of the grantor, to whom he expressed a wish to convey that property to the grantee, and there is nothing to indicate that there was any fraud or undue influence exercised by the grantee over the grantor, or to show that the grantor, though afflicted with cancer, was not in the full possession of his mental faculties, the delivered deed cannot be set aside by the executor of the deceased grantor, nor the property recovered by him as the property of his estate.

ID.—DEBTS OF ESTATE AND INSUFFICIENCY OF REMAINING ASSETS IMMATERIAL.—The deed having been lawfully effectuated in his lifetime, and the will speaking only as of the date of the death of the grantor, it is immaterial what debts were provable against his estate, or whether the remaining property is sufficient to pay the debts and legacies mentioned in the will.

ID.—EVIDENCE—DECLARATIONS OF GRANTOR AFTER CONVEYANCE INADMISSIBLE.—The declarations of the grantor made after the execution and delivery of the deed were inadmissible in disparagement of the title of the grantee.

ID.—MERE PHYSICAL CONDITION OF GRANTOR INADMISSIBLE.—The mere physical condition of the grantor was inadmissible, if not shown to have some relation to his mental condition when the deed was executed, which was not shown.

ID.—CONFIDENTIAL RELATIONSHIP OF GRANTOR AND GRANTEE—CONCLU-
SION OF WITNESS.—The court properly sustained an objection to a
question whether the grantee was with the grantor during his sick-
ness "in a confidential relation," as calling for the conclusion of the
witness.

ID.—ACTION TO QUIET TITLE BY HEIRS—BURDEN OF PROOF.—Where heirs
of the grantor sued to quiet their title against the grantee, claiming
that there was no will and that the grantor was the owner of the
property and died intestate, the burden was upon them to establish
that fact.

ID.—RECOVERY BY EXECUTOR OF DECEASED GRANTOR—CLAIMS NOT PRE-
SENTED—PROPER INSTRUCTION TO JURY.—When the uncontradicted
evidence showed that no claims had been presented to the executor,
and that the time for any presentation had passed, the court prop-
erly instructed the jury that to entitle the executor to recover the
land from the grantee, the jury must find from the evidence that
at the time of his death, the deceased had the right of ownership
and possession of the land, and that it was subject to testamentary
disposition, and had not in fact been conveyed to the grantee.

ID.—PRESUMPTION OF DELIVERY OF DEED.—A deed is presumed to have
been delivered at its date and the burden is upon one who disputes
that fact to show otherwise.

ID.—PRESUMPTION OF CONTINUOUS OWNERSHIP OVERTHROWN.—The pre-
sumption of continuous ownership in the grantor was met and over-
come by the evidence showing his conveyance and delivery thereof to
the grantee.

ID.—BURDEN NOT CAST UPON GRANTEE TO SHOW FAIRNESS OF TRANSAC-
TION.—The evidence was wholly insufficient to cast the burden upon
the grantee to show the fairness of the transaction, and that it was
free from fraud, artifice or other undue means.

ID.—ABSENCE OF ERROR IN INSTRUCTIONS.—*Held,* that there was no error
either in the giving of instructions, or in the refusal of requested in-
structions; and that the instructions as given fully and correctly
stated the law to the jury.

APPEAL from a judgment of the Superior Court of Siski-
you County, and from an order denying a new trial.  J. S.
Beard, Judge.

The facts are stated in the opinion of the court.

L. F. Coburn, and B. K. Collier, for Appellant.

Jas. F. Lodge, and Taylor & Tebbe, for Respondent Charles
A. Andrews.

Charles W. Strother, and Loewy & Gutsch, for Respondent Sophie C. F. Boye.

Jas. D. Fairchild, and John J. McDonald, for Respondent Wilhelm F. Boye.

CHIPMAN, P. J.—Action to quiet title to real estate. Charles Kappler, as executor of the last will of plaintiffs' testate, intervened. The issues were tried by a jury and defendant Andrews had the verdict on which judgment was entered accordingly. Intervener Kappler appeals from the judgment and from the order denying his motion for a new trial. Plaintiffs do not appeal. Kappler, as executor, claimed the property in dispute as belonging to the estate of Boye, deceased; denied Andrews' ownership and alleged by an amendment filed during the trial that the deed under which Andrews claims title was executed by deceased while suffering from a cancer and under the influence of opiates, and while "his mind was in no fit condition" to transact business, and that the deed was executed through the "duress, menace, fraud and undue influence of said Andrews" and "was against and without the consent and knowledge of said deceased."

It appeared that sometime in August, 1904, deceased, who was seventy years of age and had never married, and was then suffering from a cancer, went to San Francisco and was operated upon at a hospital; that defendant, Andrews, and intervener Kappler, were both there and both were old acquaintances and friends of deceased; on September 1, 1904, while at the hospital and just before going to the operating table, deceased made a will, which was entirely in his own handwriting, by which he devised the property in question to Andrews and also made some small bequests, among them one of $500 to intervener Kappler, who was named as executor of the will; the balance, including the property in question, was devised to Andrews. Sometime early in September, 1904, deceased returned to his home ranch in Siskiyou county and to the property in question and there remained until November 23, 1904, when he died. Prior thereto, to wit, on November 3, 1904, he executed a deed of the property in dispute to defendant, Andrews, and the question most seriously urged now by appellant is as to the

delivery of this deed at the time of its execution. There was evidence tending to show that on November 3, 1904, deceased sent for Martin Marx, attorney at law and notary public, and stated to him that he desired to convey the land in question to defendant Andrews and that he wanted Marx to prepare a deed from deceased to Andrews, explaining to Marx what property he wanted to convey. Marx went to his office, prepared the deed, affixed his seal to the acknowledgment, but did not affix his signature thereto. He returned to the house of deceased and in the presence of the nurse of deceased and of Andrews read the deed to deceased and handed it to him, who signed it, whereupon Marx attested it by his signature as notary and handed it to deceased, who then handed it to Andrews. It appeared that after the deed was delivered to Andrews, Boye expressed a wish that Kappler be given custody of the document, although he did not want him to know its contents and that he be requested to have it recorded after Boye's death. Marx explained that as the deed had been delivered to Andrews, Boye's wish could be accomplished without affecting the transfer. Thereupon Marx prepared one envelope in which was placed the deed, and the envelope was sealed and directed to the county recorder. This envelope was then placed in a larger envelope which was directed to Kappler, and on it were written directions signed by Boye that, upon hearing of the death of Boye, Kappler was to open the package and send the inside envelope to the recorder. The reason assigned by Boye for this was that Kappler was his friend and had been attending to some of his business and already had the custody of his will and he feared he might be offended if he was not intrusted with this document. It appeared that the package was delivered to Kappler and at Boye's death he opened it and found the sealed envelope directed to the recorder and the deed was accordingly delivered to the latter and duly recorded. As already stated, both Kappler and Andrews were with Boye at the hospital in San Francisco, and Kappler testified that a few days before Boye returned to his home he made a will and gave it to Kappler, and the latter came home with Boye and his nurse, and it was by this will that Boye devised to Andrews the property now in dispute. We do not deem it necessary to set out the testimony, for it is amply sufficient

to sustain the implied finding of the jury that the deed was executed by Boye and delivered to the grantee, Andrews, and was in fact the accomplishment of his wish previously expressed in his will. The evidence was wholly insufficient to warrant a finding that Boye was influenced unduly to make the deed by anything said or done by Andrews, or that there was any force, menace or fraud connected with the transaction, or that Boye was not in the full possession of his mental faculties and fully comprehended what he was doing. Boye was suffering physically from his ailment, but there was no evidence of mental impairment. There was evidence that at times his sufferings had to be relieved by hypodermic injections of opiates, but there was no evidence that at other times he was not entirely competent to transact business, and there was evidence that he directed his affairs in considerable detail during the last month of his sickness.

The delivery of the deed to Andrews having been completed and its object effectuated, the subsequent custody by Kappler did not change the effect of the delivery nor operate as a recall of the deed nor was it so intended. The purpose of placing it in the hands of Kappler to be recorded after the grantor's death was not inconsistent with the delivery shown, nor was it inconsistent with the intention of the grantor, which latter was clearly proven to have been to presently part with the title to the property and convey it to the grantee. The deed was, after its delivery, placed in Kappler's custody for the purpose only of recordation and not for delivery to Andrews, and Kappler was therefore no more than the agent or bailee of both parties for that purpose only. What Boye's motive was for withholding the knowledge of the conveyance from Kappler is immaterial, for nothing remained to be done to complete the transfer of title to Andrews.

There are numerous assignments of error claimed to have occurred at the trial and in giving or refusing instructions to the jury which will be briefly disposed of. It was immaterial what debts deceased owed if before his death he had conveyed the property to Andrews and, for like reason, it was immaterial that deceased was living on and in possession of the premises at his death; this latter fact would not prevent his conveying the property. Evidence of what Boye did and said after the delivery of the deed was inadmissible if in

disparagement of Andrews' title; so also was evidence of his physical condition unless it had some relation to his mental condition at the time the deed was executed, which was not offered to be shown; his physical condition alone furnished no sufficient evidence of mental incapacity. A witness was asked whether or not Andrews was with Boye during his sickness "in a confidential relation." The objection was rightly sustained, as calling for the conclusion of the witness. It was immaterial whether the property remaining after the conveyance to Andrews would be sufficient to pay the debts and legacies mentioned in the will. The will took effect only at the testator's death, and he had a right to dispose of his property by deed before death.

The court instructed the jury that under the issues the plaintiffs must show that at the death of Boye he was the owner of the property in question and died intestate. Plaintiffs claimed that there was no will and alleged that deceased died intestate. Obviously, it was upon them to show such to be the fact.

It was the uncontradicted evidence that no claims had been presented to the executor; that notice to creditors had been duly published and the time for presenting claims had elapsed. The court properly instructed the jury that to entitle the executor to recover possession of the land in question the jury must find from the evidence that at the time of his death the deceased had the right of ownership and possession of this land and that it was subject to testamentary disposition and had not in fact been conveyed to defendant Andrews. It was immaterial, under the issues in the case, whether there remained sufficient property to pay the debts, expenses of administration and legacies if deceased had previously to his death conveyed the property in question to Andrews. The court gave an instruction stating the law, should the jury find the facts as to the delivery of the deed and its subsequent custody by Andrews, as we have above briefly given them, and instructing the jury that if they should find that the deed was in fact delivered "absolutely and without any restriction other than that it should be held by Charles Kappler in safe-keeping until the death of said Charles Frederick Boye and then be recorded in the office of the county recorder, then such delivery would have the effect in law to pass the title immediately upon its delivery

by the said Charles Frederick Boye to Charles A. Andrews,'' and that the subsequent possession of the property by Boye ''would not have the effect in law to revest or restore the ownership of the property in the grantor, Boye, which had vested in Andrews, if you find that it had so vested.'' The court also instructed the jury that a deed is presumed to have been delivered at its date, and that delivery presumed or shown, the burden is then upon the party disputing that fact to show otherwise. We see no error in these instructions. The court also rightly instructed the jury that if they should find that the deed was in fact executed and delivered the burden of showing want of consideration was upon plaintiffs and intervener.

The court properly refused to instruct the jury that because it was admitted that on November 3, 1904, deceased was the owner of the property it is presumed that unless proved to the contrary such ownership continued until his death. The previous instructions covered the proposition. The presumption of continuous ownership was met and overcome by the evidence.

The evidence was wholly insufficient to cast the burden upon defendant Andrews to show the fairness of the transaction and that it was free from fraud, artifice or other undue means. It was not error to refuse to instruct the jury that such burden was upon defendant.

We do not deem it necessary to notice in detail the other instructions asked by defendant and refused by the court. Some of them relate to matters sufficiently covered by instructions given; others are incorrect statements of the law and others are an invasion of the functions of the jury as the exclusive judges of the facts. The instructions as given fully and correctly stated the law to the jury.

We discover no prejudicial error in the record. The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.