[Civ. No. 5135. First Appellate District, Division One.—June 23, 1925.]

EDNA VANASEK, Plaintiff, v. ANTON POKORNY et al., Defendants; ERZSI NOVAK, Cross-complainant and Respondent; FRANK STRYBL, Cross-defendant and Appellant.

[1] HUSBAND AND WIFE — COMMUNITY PROPERTY — SEVERAL CONVEYANCE BY HUSBAND — ACTION BY WIFE TO REMOVE CLOUD FROM TITLE.—Where a complaint alleges the marriage of plaintiff to a certain man, the continuance and existence of the relationship of husband and wife, the acquisition of land by them in the name of the husband as community property with community funds, that the husband, without plaintiff's consent, by his several deed, conveyed the land to defendant, who took with knowledge of the existing marriage relation, that plaintiff upon the transfer of the land to her husband acquired, as to the legal effect thereof, in her own right, and continued to own as a member of the matrimonial community, a present vested interest, estate and property therein equally with her husband, that the deed from her husband to defendant was wholly void, that defendant was not and never has been the owner of any estate or interest in the land or any part thereof, that his deed is a cloud on "the title of said matrimonial community" and of plaintiff thereto and therein, and asks the decree of the court adjudging the deed to defendant to be void, and that plaintiff be adjudged as against defendant to be the owner of the land, the action is one under section 3412 of the Civil Code to remove a cloud from the alleged community status of the land, and not simply an action to quiet the alleged title of plaintiff as against adverse claims of defendant, as provided in section 738 of the Code of Civil Procedure.

[2] ID.—OWNERSHIP—INVALIDITY OF ADVERSE CLAIM—CONCLUSIONS OF LAW—PLEADING.—While a general allegation of ownership in plaintiff or of the invalidity of an adverse claim of defendant is usually held to be one of ultimate fact and not a conclusion of law, the same averment may be one of fact or of a conclusion of law, according to the context; and in such action the allegation that defendant owned no interest or estate in the land was not an allegation of ultimate fact but a conclusion of law as to the legal effect of the facts pleaded, from which plaintiff also

1.  See 22 Cal. Jur. 107.
2.  See 22 Cal. Jur. 149.

concluded that her interest therein was of the character, and thus stated no issue of fact.

[3] ID.—COMMUNITY PROPERTY—INTEREST OF WIFE—RIGHT TO SET ASIDE HUSBAND'S CONVEYANCE—JUDGMENT.—Section 172 of the Civil Code, as amended in 1891, having been in force at the time of the acquisition of the land in the name of plaintiff's husband as community property, she did not acquire a vested estate or interest therein by the conveyance; and, assuming that she might before the dissolution of the community maintain an action to set aside a transfer of the property by her husband whose act was not brought within the proviso enacted as an amendment to said section in 1891, such right is not to recover the land as her separate property or as a vested interest or estate in her, but as part of the community fund, the relief in such case going only to bind the property to the extent necessary to protect the ultimate interest of the wife in case the marriage should be dissolved by divorce or the death of the husband, and not to set aside the conveyance in its entirety.

[4] ID.—GRANT DEED — PRESUMPTION OF CONSIDERATION — PLEADING— EVIDENCE.—A grant deed is supported by a presumption of consideration, and the burden of proving want of consideration is upon the one seeking to avoid it, and the presumption in its effect applies to the pleadings as well as to the proof.

[5] ID.—ACTION BY WIFE TO REMOVE CLOUD FROM TITLE—FRAUD— WANT OF CONSIDERATION—PLEADING.—In an action by the wife under section 3412 of the Civil Code to remove a cloud—a several deed executed by the husband to defendant, without plaintiff's consent—from the alleged community status of the land, where there is no allegation that the transaction was tainted with fraud, it is necessary, in order to state a cause of action, to allege a want of consideration for the deed to defendant, or facts showing that the consideration was so inadequate as to support the conclusion that the transfer was made for the purpose of fraudulently depriving plaintiff of her rights.

[6] ID.—FRAUD—WANT OF CONSIDERATION—ABSENCE OF INTEREST IN DEFENDANT—FINDINGS—APPEAL.—In such action, where defendant in his answer raises the issue of consideration he is entitled to a finding thereon, and where the trial court makes no specific finding as to either fraud or want of consideration, the appellate court, in view of the record, the appeal being on the judgment-roll alone, is not warranted in assuming that the trial court based its finding that defendant had no interest in the land, considered as one of fact, on other issues made at the trial but

---

3. See 5 Cal. Jur. 276, 341.
4. See 9 Cal. Jur. 144; 8 R. C. L. 968.

not pleaded, and on such assumption construe it as supporting negatively a judgment in favor of plaintiff or a judgment against defendant to the extent that plaintiff owned and defendant had no interest in the land.

[7] ID.—REMOVAL OF CLOUD FROM COMMUNITY PROPERTY—PARTIES.— In an action by the wife under section 3412 of the Civil Code to remove a cloud—a several deed executed by the husband to defendant, without plaintiff's consent—from the alleged community status of the land, the husband is a necessary party, and a demurrer on the ground of his misjoinder should be sustained.

(1) 31 C. J., p. 149, n. 13 New; 32 Cyc., p. 1306, n. 4. (2) 31 Cyc., p. 60, n. 78, p. 62, n. 92 New, p. 64, n. 18 New. (3) 31 C. J., p. 149, n. 13 New, p. 158, n. 59 New. (4) 18 C. J., p. 409, n. 5, p. 421, n. 71, 74. (5) 31 C. J., p. 155, n. 95 New. (6) 31 C. J., p. 158, n. 59 New. (7) 31 C. J., p. 149, n. 13 New.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Reversed.

The facts are stated in the opinion of the court.

L. D. Manning for Appellant.

Harold Jacoby and Milton Shepardson for Respondent.

CASHIN, J.—The action was commenced by plaintiff, Edna Vanasek, to quiet title to certain land in Alameda County as against Frank Strybl, appellant herein, Erzsi Novak, respondent, Joe Novak, the husband of respondent and others. Respondent filed her answer to the complaint denying the alleged title of plaintiff, and therewith her cross-complaint against appellant, alleging therein her marriage to Joe Novak on June 1, 1914, and that at all times thereafter they continued to be husband and wife, the acquisition of the land by them on June 17, 1917, in the name of the husband as community property, that the land was acquired wholly with community funds; that on August 1, 1919, her husband, without her consent, by his several deed, executed and recorded on that day, conveyed the land to appellant, who took with knowledge of the existing marriage relation, that respondent upon the transfer of the land to her husband acquired, as the legal effect thereof, in her own right, and continued to own as a member of the matrimonial com-

munity, a present vested interest, estate and property therein equally with her husband; that the Strybl deed was wholly void; that appellant was not and never had been the owner of any estate or interest in the land or any part thereof; that his deed was a cloud on "the title of said matrimonial community and of this cross-complainant thereto and therein," and asked the decree of the court adjudging the Strybl deed to be void, and that she be adjudged as against plaintiff and the appellant to be the owner of the land.

The cross-complaint contained no allegation of want of consideration for the transfer to appellant or that there was fraud in the transaction, and no allegation of ownership or title in respondent other than as a conclusion from the community status of the land. Her husband was not made a party to the cross-complaint, was not served with summons in the action and made no appearance therein.

Appellant demurred to the cross-complaint, alleging want of sufficient facts to constitute a cause of action and the nonjoinder of Novak, the husband, as a necessary party thereto.

The demurrer being overruled, appellant answered, alleging title in himself by virtue of the Novak deed; that a valuable consideration, to wit, $500, had been paid therefor to Novak, the husband, which was the reasonable value of the land, and that the purchase was made in good faith upon the representation by Novak that the land was his separate property.

After trial the court found generally that all the allegations of the answer and cross-complaint of respondent were true, and specifically that the land was community property purchased wholly with community funds; the conveyance thereof by Novak, the husband, to appellant; his knowledge of the community status of the land; the want of consent by respondent to the conveyance; that "at all of said times mentioned in said pleadings said matrimonial community was and now is the owner of said community real property, and that Joe Novak and the said Erzsi Novak, as members of said matrimonial community, each was and now is the owner respectively of an equal, certain and definite and present interest in the property so purchased, and the court finds that said interest vested in them respectively upon the

delivery of said deed to said Joe Novak, and that said interest ever since has been and now is so vested in them respectively''; and further that appellant ''is not now and at none of the times mentioned in the pleadings in this action was he the owner of any estate, right, title or interest in or to said real property or any portion thereof''; that appellant and plaintiff were asserting an interest in the property adverse to respondent, all without right, and concluded as the legal effect of the findings that the Strybl deed was wholly void, conveyed no interest in the land and should be canceled of record; and thereupon entered a decree adjudging respondent as against appellant and plaintiff to be the owner in fee of the land, and that her title thereto be forever quieted against all and every claim of plaintiff and appellant and each of them.

Plaintiff did not appeal. The appeal taken by Strybl is upon the judgment-roll, the evidence not being brought up.

Respondent contends that the findings are sufficient to support the judgment, and, therefore, that the judgment must be affirmed.

[1] The action, by fair construction of the allegations of the cross-complaint, is one to remove a cloud upon the alleged community status of the land—the deed to Strybl, which on its face is not void—and is thus a proceeding under the provisions of section 3412 of the Civil Code, and not simply an action to quiet the alleged title of respondent as against adverse claims of appellant, as provided in section 738 of the Code of Civil Procedure. The distinction in purpose and the difference in requirements as to pleading between the two proceedings are pointed out in *Castro* v. *Barry*, 79 Cal. 443, 446 [21 Pac. 946, 947], wherein the court said: ''The distinction between the two kinds of action is clear. They are different not merely in form (for we have no forms of action in the common-law sense) but in purpose. In the former case the proceeding is aimed at a particular instrument or piece of evidence which is dangerous to plaintiff's rights and which may be ordered to be destroyed in whosesoever hands it may happen to be; while in the latter the proceeding is for the purpose of stopping the mouth of a person who has asserted or who is asserting a claim to the plaintiff's property, whether such claim be founded upon evidence or utterly baseless''; and that ''in

an action to remove a cloud there can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its invalidity ought to be stated'' (*Hyatt* v. *Calkins,* 174 Cal. 580, 582 [163 Pac. 1007]; *Hibernia Sav. & Loan Soc.* v. *Ordway,* 38 Cal. 679, 681).

Such was the purpose of the pleader in the instant case so far as it was deemed essential to a right of recovery. [2] After alleging the acquisition of the land as community property and that a conveyance thereof was made without her consent, in a separate paragraph the conclusion is drawn therefrom and alleged that respondent was, by reason of the community status of the land, the owner of a definite vested interest and estate therein equally with her husband; and in the same paragraph that appellant is not and never was the owner of any estate or interest in the land or any part thereof, no facts other than as above being alleged showing or tending to show that appellant's deed was invalid or that he did not acquire thereby and then own an interest in the land. While a general allegation of ownership in plaintiff or of the invalidity of an adverse claim of defendant is usually held to be one of ultimate fact and not a conclusion of law, yet the same averment may be one of fact or of a conclusion of law, acording to the context (*Levins* v. *Rovegno,* 71 Cal. 273 [12 Pac. 161]; *Turner* v. *White,* 73 Cal. 300 [14 Pac. 794]; *Heeser* v. *Miller,* 77 Cal. 192 [19 Pac. 375]); and in the instant case a consideration of the whole pleading makes it clear that the allegation that appellant owned no interest or estate in the land was not an allegation of ultimate fact but a conclusion as to the legal effect of the facts, from which respondent also concluded that her interest therein was of the character alleged, and thus stated no issue of fact.

[3] It is apparent from the record that it was the conclusion of the court that respondent was at all times after June 17, 1917, as the legal effect of the community status of the land, the owner of a present, vested, definite interest and estate therein. On June 17, 1917, section 172 of the Civil Code in form, as amended in 1891 (Stats. 1891, p. 425), was in force; and it follows, in accordance with the decisions in the cases of *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 Pac. 537], and *Roberts* v. *Wehmeyer,* 191 Cal. 601 [218 Pac.

22], that respondent did not acquire a vested interest or estate therein by the conveyance thereof to her husband as community property; and assuming that she might before the dissolution of the community maintain an action to set aside a transfer of the property by her husband whose act was not brought within the proviso enacted as an amendment to said section in 1891—a question suggested but not decided in the Spreckels case, *supra,* and in *Dargie* v. *Patterson,* 176 Cal. 714, 719 [169 Pac. 360]—such right is not to recover the land as her separate property or as a vested interest or estate in her, but as part of the community fund, the relief in such case going only to bind the property to the extent necessary to protect the ultimate interest of the wife in case the marriage should be dissolved by divorce or the death of the husband, and not to set aside the conveyance in its entirety (*Dargie* v. *Patterson, supra*).

If the finding that appellant had no right, title or interest in the land was not intended by the court as a conclusion of law, thus inadvertently placed among the findings of fact, the only allegation in the cross-complaint in form supporting such finding was the conclusion to that effect alleged therein and hereinbefore considered. It may fairly be inferred from the cross-complaint that the conveyance to appellant was by deed of grant. [4] Such a deed is supported by a presumption of consideration, the burden of proving want of consideration is upon the one seeking to avoid it, and the presumption in its effect applies to the pleadings as well as to the proof (Civ. Code, secs. 1614, 1615; Code Civ. Proc., sec. 1963, subd. 39; *Blair* v. *Squire,* 6 Cal. Unrep. 350 [59 Pac. 211]; *Boye* v. *Andrews,* 10 Cal. App. 494, 500 [102 Pac. 552]). [5] There being no allegation that the transaction was tainted with fraud, unless the assumption of respondent that, having a vested interest, the execution of a deed by her husband without her consent would be equivalent thereto, it was necessary, in order to state a cause of action, to allege a want of consideration for the deed, or facts showing that the consideration was so inadequate as to support the conclusion that the transfer was made for the purpose of fraudulently depriving her of her rights. [6] This defect in the pleading is to be considered in the instant case only in connection with the findings, the appellant not having been misled or prejudiced

thereby, he having in his answer raised the issue. He was, however, entitled to a finding on the issue made. If the finding that he had no interest in the land was intended by the court not as a conclusion of law but as a finding against the allegation that there was a sufficient consideration for the deed—that being the only material issue upon which a specific finding was not made—such would be consistent with the other findings and the pleadings and responsive to the only remaining issue; and we are not warranted, in view of the record, in assuming that the court based such finding, considered as one of fact, on other issues made at the trial but not pleaded, and on such assumption construe it as supporting negatively a judgment in favor of respondent or a judgment against appellant to the extent that respondent owned the whole and appellant no interest in the land.

If the conclusion mentioned be one of law, then the conclusions of law following the findings of fact and the judgment are not supported thereby.

Considered as a conclusion from the other facts found, including inferentially a want of consideration for the deed, the findings do not support the conclusions of law or the judgment to the extent that the Strybl deed was wholly void, conveyed no interest in the land, or that respordent is the owner in fee thereof, but do, as the effect of the latter construction, support a judgment in form and effect binding the property to such an extent as will protect the interests of the wife in case the marriage should be dissolved by divorce or the death of the husband (*Dargie* v. *Patterson, supra*).

The question remains whether Novak, the husband, was a necessary party to an action seeking the relief asked or which might, in view of the facts shown by the record, be properly granted.

[7] Whatever may be the correct theory on which to base the wife's right to sue, we are of the opinion that the husband is a necessary party to the action. While he may be estopped by his deed from maintaining the action, yet in order that he may be bound by the judgment as between him and his wife as to the character of the property transferred, whether community or his separate property, and also in order that there may be a complete determination of the controversy, and where the judgment must in terms

or effect revest in him the title to any interest therein recovered in the action, he should be joined (*Bachman* v. *Sepulveda,* 39 Cal. 688). The situation appears in principle analogous to the cases where an action is brought against third parties by a stockholder to recover or protect the property of a corporation, or by a *cestui que trust* for the recovery of property fraudulently conveyed by a trustee, where the trustee is estopped by his acts or refuses to sue, in which cases it has been uniformly held that the corporation or trustee is a necessary party defendant in order that they may be bound by the judgment (Cook on Corporations, 7th ed., sec. 738; *Beach* v. *Cooper,* 72 Cal. 99 [13 Pac. 161]; *Wickersham* v. *Crittenden,* 93 Cal. 17 [28 Pac. 788]; Perry on Trusts, sec. 886; *Butler* v. *Butler,* 41 App. Div. 477 [58 N. Y. Supp. 1094]; *LeGrende* v. *Goodridge,* 46 N. J. Eq. 419 [19 Atl. 543]). It is provided by section 382 of the Code of Civil Procedure that those who are united in interest must be joined as plaintiffs or defendants, and, as provided in section 389 of said code, as construed in *Midau et al.* v. *Roddan,* 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145], all who are interested in the subject matter of the litigation should be made parties thereto in order that complete justice may be done and that there may be a final determination of the rights of all parties interested in such subject matter.

The interest in or rights of the wife over community property as defined by the decisions hereinbefore cited seem to be so connected with the interest and rights of the husband therein and thereover, in origin, incidents and consequences, as to make it difficult to conceive of a situation where it could more reasonably be held that parties are united in interest; and where, as here, the action has for its purpose, and according to the prayer of the cross-complaint, seeks the cancellation of the husband's deed and the quieting of the alleged title of the wife in what is, as the legal effect of the facts pleaded, community property, we are of the opinion that the husband was a necessary party, and that the demurrer on the ground of his nonjoinder should have been sustained.

Our conclusion in this respect is not affected by the amendment to section 370, Code of Civil Procedure (Stats. 1921, p. 102), removing with few exceptions the disabilities

of married women as to suing and being sued alone, the provisions of sections 382 and 389 of the Code of Civil Procedure affecting and controlling all actions by those who stand in the relations therein defined to other persons and to the subject matter of the action.

From the foregoing it is our conclusion that Jos Novak was a necessary party to the action between appellant and respondent; that the demurrer on the ground of his nonjoinder should have been sustained, and that the findings do not support the judgment as against appellant.

The judgment as against appellant, Frank Strybl, is reversed.

Tyler, P. J., and Knight, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1925.

All the Justices concurred.